IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEESA WALLACE, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:08-CV-1016-O |
| | § | |
| CHILD CARE ASSOCIATES, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Child Care Associates' Motion to Transfer Venue (Doc. # 4) filed August 22, 2008. Having reviewed the motion, Plaintiff's response, and the applicable law, the Court finds that Defendant's motion should be and is hereby **GRANTED**.

I. BACKGROUND

In this employment discrimination suit, Plaintiff contends Defendant forced her to resign in violation of Title VII. *See generally Plt's Cplt*. According to the complaint, Plaintiff is a resident of Tarrant County, Texas. *Id.* Defendant's principal place of business is in Tarrant County, Texas. *See Dft's Mtn to Transfer*.

Plaintiff initiated this action in the Dallas Division of the United States District Court for the Northern District of Texas on June 17, 2008. *See* Doc. # 1. On August 22, 2008, Defendant answered and moved to transfer venue of this case to the Fort Worth Division pursuant to 28 U.S.C. § 1404. *See* Doc. #4. Plaintiff responded to Defendant's Motion to Transfer Venue on September 3, 2008. *See* Doc. # 8. The issue is now ripe for decision.

1

## II. ANALYSIS

A district court may transfer any civil case "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. §1404(a). When considering a motion to transfer venue, a district court must consider "a number of private and public interest factors, 'none of which can be said to be of dispositive weight.'" *In re Volkswagen of Am. Inc.*, 506 F.3d 376, 380 (5th Cir. 2007), *reh'g granted*, 517 F.3d 785 (5th Cir. Feb. 14, 2008);[1] *see also In re Horseshoe Entm't*, 337 F.3d 429, 434-35 (5th Cir. 2003). The private factors include: (1) access to sources of proof; (2) the availability of the compulsory process power; (3) costs to witnesses of appearing; and (4) any other practical considerations affecting the ease and expense of trial. *In re Volkswagen of Am. Inc.*, 506 F.3d at 380. The public interest factors include: (1) judicial economy; (2) interests associated with having local interests decided locally; (3) forum familiarity with the law at issue; and (4) problems arising from conflict of law. *Id.* Based on Fifth Circuit precedent, the plaintiff's choice of forum is also a factor to be considered "but in and of itself is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434.

When ruling on a motion to transfer venue, the first issue that a district court must decide is whether the district or division to which transfer is sought is one where the civil action "might have been brought." 28 U.S.C. § 1404. As previously discussed, Plaintiff resides in Tarrant County,

---

[1] The Court recognizes that the panel opinion in *In re Volkswagen* is no longer precedent because the motion for rehearing en banc was granted. *Byrne v. Butler*, 845 F.2d 501, 507 (5th Cir. 1988) ("as we have stressed, [t]he grant of a rehearing en banc vacates the panel opinion, which thereafter has no force"). However, given the primary issue before the court of appeals involves whether a writ of mandamus is a proper avenue to challenge a district court's order regarding venue, the Court does not anticipate a change to the analysis of the motion to transfer under the facts in this case.

Texas and Defendant's principal place of business is in Tarrant County, Texas. Tarrant County, Texas is within the jurisdiction of the Fort Worth Division. *See* 28 U.S.C. § 124(a)(2). Under 28 U.S.C. § 1391(b), a federal question claim, like the one asserted by Plaintiff in this suit, may be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omission giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is not district in which the action may otherwise be brought." *Id.* Given that the only Defendant in this case has it's place of business in Tarrant County, Texas and that all of the events giving rise to this dispute occurred in Tarrant County, Texas, there is no question that the Fort Worth Division is a forum where this lawsuit could have been brought.

Next, Defendant has the burden to demonstrate that the Fort Worth Division is clearly more convenient than the Dallas Division. This means that Defendant must show good cause by demonstrating that the transfer is "[f]or the convenience of the parties and witnesses, in the interest of justice." *In re Volkswagen of Am. Inc.*, 506 F.3d at 380. "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is clearly more convenient, a transfer should be ordered." *Id.*

Here, Defendant notes, and Plaintiff does not dispute, that all of the events giving rise to this lawsuit involve Plaintiff's employment within the Fort Worth Division. *See Dft's Mtn. To Transfer ¶4.* All of the witnesses and evidence are located in the Fort Worth Division. *Id.* Thus it will clearly be more convenient for the parties and the witnesses to appear and produce evidence if the case is transferred to the Fort Worth Division.

3

Defendant has also identified fact witnesses who almost certainly will be called to testify. *See Dft's Brief in Support, p. 2*. These witnesses reside within the jurisdictional boundaries of the Fort Worth Division. *Id.* Plaintiff points to no witnesses who live or work in the Dallas Division. The convenience of witnesses may be considered "the most powerful factor governing the decision to transfer a case." *See Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1166 (S.D.Tex.1994); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D.Tex. 1993). Because all of the identified fact witnesses also reside in the Fort Worth Division, this factor weighs strongly in favor of transferring this case.

While the Dallas Division is Plaintiff's choice, that choice is afforded less deference when the plaintiff does not reside in the chosen forum and when none of the operative facts have occurred in the chosen forum. *See In re Horseshoe Entm't.,* 337 F.3d 429, 434-35 (5th Cir.2003); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966); *Apparel Production Services Inc. v. Transportes De Carga Fema, S.A. De C.V.*; *Rock Bit Int'l v. Smith Int'l, Inc.*, 957 F.Supp. 843, 844 (E.D.Tex.1997); *Reed v. Fina Oil and Chemical Co.*, 995 F.Supp. 705, 714 (E.D.Tex.1998). As Plaintiff resides in the Fort Worth Division and this lawsuit has no connection with the Dallas Division, Plaintiff's choice of the Dallas Division is given less weight.

Finally, this case is in the very early stages of litigation. This case is transferred less than thirty days from Defendant's answer. There is little chance that a transfer of venue will result in delay or prejudice to either side.

In reaching this decision, the Court has considered all of the public and private factors related to a decision to transfer venue. Because of the close proximity between the Dallas and Fort Worth federal courthouses, several of the relevant factors, such as the availability of compulsory process,

4

conflicts of laws, and familiarity with the law, are neutral or are irrelevant. However, other factors, such as having local interests decided locally, access to sources of proof, and costs and convenience of witnesses, favor transfer of this case.

Because all of the facts that form the basis of this suit occurred in the Fort Worth Division, both parties reside or have their principal place of business in the Fort Worth Division, all of the potential fact witnesses identified by the parties reside in the Fort Worth Division, and the citizens within the Dallas Division have no interest in resolving this dispute, on balance the Court finds the litigation would more conveniently proceed and the interests of justice would be better served if this case is transferred to the Fort Worth Division.

### III. CONCLUSION

Defendant has met its burden to show that the Fort Worth Division of the Northern District of Texas is the more convenient forum for the parties and witnesses and in the interests of justice. It is therefore ORDERED that Defendant's Motion to Transfer Venue (Doc. # 4) is hereby GRANTED. It is FURTHER ORDERED that pursuant to 28 U.S.C. § 1404(a) this case is TRANSFERRED to the United States District Court for the Northern District of Texas, Fort Worth Division.

SO ORDERED on this 8th day of September, 2008.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**